[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
John A. Barbieri for plaintiff.
Sledzik McGuire for defendant.
I. Introduction
The plaintiff, Norman Rustad, Jr., a plumbing and heating contractor doing business as Unlimited Plumbing Heating, commenced this action on October 26, 1993 alleging that he suffered financial loss when the defendant Housing Authority for the City of New Britain (Housing Authority) did not award him a contract for plumbing services. As his bid was the lowest submitted, he claims that the Housing Authority's action violated both General Statutes § 8-44 (Count One) and General Statutes § 42-110b et seq. (CUTPA) (Count Two). CT Page 6112
The plaintiff has also sued John Silano, Director of Maintenance of the Housing Authority (Count Three), and Holden Croslan, Executive Director of the Housing Authority (Count Four) incorporating by reference the allegations made in Counts One and Two.
All defendants have now moved to dismiss the complaint in its entirety claiming that the plaintiff does not have standing to bring this action and, therefore, this court lacks subject matter jurisdiction.
II. Discussion
The defendants argue that this court lacks subject matter jurisdiction because lowest bidder statutes, such as General Statutes § 8-44[1] are enacted for the benefit of the public and do not create rights in favor of those who submit bids.
 Municipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest. Austin v. Housing Authority, 143 Conn. 338, 345 (1956); 10 McQuillin, Municipal Corporations (3d Ed. Rev.) § 29.29. "The better authority holds that lowest responsible bidder statutes are enacted solely for the benefit of the public and in no sense create any rights in those who submit bids. 10 McQuillin, Municipal Corporations (3d Ed. Rev.) § 29.29." Austin v. Housing Authority, supra, 349.
John J. Brennan Construction Corporation, Inc. v. Shelton,187 Conn. 695, 702 (1982).
The plaintiff concedes that he does not have standing solely because he was the lowest bidder. He argues nonetheless that he, as an unsuccessful bidder, has standing to challenge the award of the plumbing contract under the doctrine set forth in SpinielloConstruction Co. v. Manchester, 189 Conn. 539, 544 (1983), alleging that fraud, corruption or favoritism influenced the conduct of the bidding officials. See also, Ardmare Construction Co.v. Freedman, 191 Conn. 497, 504 (1983). In Spiniello, supra, the municipality had imparted certain information to one bidder that it had not provided to other [the] other.[2] "Thus, parity of information no longer existed among the bidders as envisioned by the CT Page 6113 statute." Ardmare Construction Co. v. Freedman, supra, 505.
The allegations of the plaintiff's complaint, however, do not indicate that the competitive bidding process was undermined so as to bring this case within the exception recognized in Spiniello. The plaintiff alleges only that "the actions of the Housing Authority were intentional and with a view toward preferring other plumbing contractors to the plaintiff."
The position of the plaintiff appears to be that the selection of a higher bidder is necessarily indicative of favoritism. Because this complaint is devoid of any allegations that may bring this case within the Spiniello exception, the plaintiff does not have standing to maintain this action. Accordingly, the plaintiff does not have a legal right to set the judicial machinery in motion, ArdmareConstruction Co. v. Freedman, supra, 501, and the defendants' motion to dismiss is granted.
Berger, Judge